IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED PORTER			:	CIVIL ACTION

    v.			:

JOHN E. WETZEL, et al.		:	NO. 13-3420

## REPORT AND RECOMMENDATION

THOMAS J. RUETER			September 17, 2013
United States Magistrate Judge

        Presently before the court is a pro se petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, along with a memorandum of law in support thereof and a petition seeking to hold the habeas petition in abeyance pending the conclusion of ongoing state court litigation. (Doc. No. 1). Petitioner is presently incarcerated at the State Correctional Institution located in Huntingdon, Pennsylvania. Respondents filed a response on September 5, 2013 (Doc. No. 4). For the reasons set forth herein, the court recommends that petitioner's habeas petition be stayed and held in abeyance until his state court proceedings have concluded.

### I.    BACKGROUND

        On April 30, 2002, petitioner was found guilty of second-degree murder, robbery, burglary, conspiracy and possession of an instrument of crime. On June 27, 2002, petitioner was sentenced to a mandatory term of life imprisonment without parole. (Petition at 21, 26.) Petitioner was sixteen years old at the time he committed the crime. Id. at 20. The instant habeas petition was docketed on June 17, 2013. Petitioner contends that his sentence is unconstitutional in light of the Supreme Court's recent decision in Miller v. Alabama, ___ U.S.

___, 132 S.Ct. 2455 (2012).  On June 25, 2012, in a case involving a juvenile defendant who had been convicted of homicide, the Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  Miller, 132 S.Ct. at 2460.

On July 13, 2010, petitioner filed a pro se petition pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, et seq..  On July 30, 2012, petitioner filed an amended PCRA petition alleging that his sentence violates the rule announced in Miller.  The matter currently remains pending before the PCRA court.  (Response Ex. B (State Court Record).)

The issue of the retroactivity of the Miller decision is currently pending before the Supreme Court of Pennsylvania in Commonwealth v. Cunningham, 38 EAP 2012, 51 A.3d 178 (Pa. 2012).  The parties in Cunningham have been directed to address, inter alia, the following issue:

> Whether the holding in Miller v. Alabama, 132 S.Ct. 2455 (2012), that a juvenile convicted of a homicide offense cannot be sentenced to life imprisonment without parole unless there is consideration of mitigating circumstances by a judge or jury, retroactively applies to an inmate serving such sentence when the inmate has exhausted his direct appeal rights and is proceeding under the Post Conviction Relief Act.

Commonwealth v. Cunningham, 51 A.3d 178 (Order) (Pa. 2012).[1]

---

1. On August 13, 2013, the Supreme Court of Pennsylvania directed that the case "be resubmitted for consideration on previously filed briefs."  Order (Pa. Aug. 13, 2013) (per curiam) (State Court Docket No. 38 EAP 2012).  The Third Circuit Court of Appeals has pending before it cases raising the related issue of whether the holding in Miller was made retroactive by the Supreme Court, and, if so, whether a Miller claim can be litigated in federal court without first exhausting it in the state courts.  See In re Baines, No. 12-3996 (3d Cir.); In re Pendleton, No. 12-3617 (3d Cir.).  (Response at 3 n.3.)  Oral argument was presented on September 10, 2013.

2

In their response, respondents state as follows: "Under the circumstances presented here, the respondents would not oppose a stay of this proceeding until after the conclusion of state court review of [petitioner's] PCRA petition, conditioned on petitioner's notifying the Court and the respondents within thirty days after the conclusion of the state court proceedings." (Response at 5.)

## II. DISCUSSION

Generally, the federal court will not consider the merits of a habeas corpus petition unless the petitioner has complied with the exhaustion requirements of 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner give the state courts an opportunity to review and correct alleged violations of a prisoner's federal rights before seeking relief in the federal courts. Baldwin v. Reese, 541 U.S. 27, 29 (2004) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). The Supreme Court has approved the use of stay and abey procedures for habeas petitions containing unexhausted claims where "there was good cause for the petitioner's failure to exhaust his claims first in state court." Rhines v. Weber, 544 U.S. 269, 277 (2005). By staying the federal habeas proceeding rather than dismissing it, a petitioner can complete the state procedures necessary to comply with the exhaustion requirements without the need to refile the habeas petition at a point in time that might be outside of the statute of limitations. 28 U.S.C. § 2244(d). The three requirements for a stay set forth in Rhines are: good cause, potentially meritorious claims, and a lack of intentionally dilatory or abusive litigation tactics. Rhines, 544 U.S. at 277-78.

Petitioner's habeas petition should be stayed and held in abeyance pending the conclusion of the state court PCRA proceedings. Because the habeas petition includes the same

Eighth Amendment claim as in the pending PCRA petition, it contains an unexhausted claim.[2] Petitioner had good cause for not previously raising a constitutional challenge pursuant to Miller, because the case was decided only recently on June 25, 2012. The Eighth Amendment claim is not "plainly meritless" given the Supreme Court's decision in Miller. Rhines, 544 U.S. at 277. It is undisputed that petitioner was under the age of eighteen at the time of his crime and that he received a mandatory life sentence without parole. See Miller 132 S.Ct. at 2460. Thus, petitioner's invocation of Miller appears to have merit, and it is both necessary and appropriate that his claim be considered first by the state courts. See Graham v. Florida, 560 U.S. 48, ___, 130 S.Ct. 2011, 2030 (2010) ("It is for the State, in the first instance, to explore the means and mechanisms for compliance."). Finally, there is no evidence petitioner engaged in intentionally dilatory litigation tactics. Rhines, 544 U.S. at 278. Rather, petitioner filed an amended PCRA petition to include a Miller claim shortly after the Supreme Court issued the decision. Furthermore, respondents do not oppose a stay of proceedings.

Petitioner's habeas petition, however, "should not be stayed indefinitely." Id. at 278 (reasonable time limits should be placed "on a petitioner's trip to state court and back"). The stay of petitioner's habeas proceedings should be conditioned on him notifying the federal court within thirty (30) days of the conclusion of his state court proceedings. Id. (suggesting thirty day

---

2. The Third Circuit has held that Rhines is not limited only to mixed petitions containing both exhausted and unexhausted claims. See Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009) (considering a habeas petition that contained only unexhausted claims and noting that "[t]he full range of circumstances in which a habeas petitioner is eligible for stay-and-abeyance is not yet clear," and that a petition may merit a stay "even where only unexhausted claims are at issue").

time period in this situation). If petitioner fails to so notify the court, the stay and abeyance should be vacated and the petition dismissed without prejudice.[3]

III. **RECOMMENDATION**

For all the above reasons, the court makes the following:

**RECOMMENDATION**

AND NOW, this 17th day of September, 2013, the court respectfully recommends that the instant habeas case be stayed and placed in abeyance until the completion of the pending state court proceedings. Petitioner shall monitor this case and notify the federal court within thirty (30) days of the conclusion of the state court proceedings. Respondents need not file an answer and memorandum of law in response to the habeas petition until further order of the court. It is further recommended that there is no probable cause to issue a certificate of appealability.[4]

Petitioner may file objections to this Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

/s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

---

3. Petitioner also requests appointment of counsel, see Petition at 26. This request should be denied without prejudice to petitioner's ability to renew his request for appointment of counsel at a later date if this habeas case is returned to active status in this court.

4. The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED PORTER                :        CIVIL ACTION

          v.               :

JOHN E. WETZEL, et al.     :        NO. 13-3420

**ORDER**

AND NOW, this       day of                , 2013, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. The above captioned habeas case is stayed and shall be held in abeyance until the resolution of pending related state court proceedings.

3. Petitioner shall monitor the state court proceedings and shall notify this court within thirty (30) days of the conclusion of his state court proceedings. Failure to so notify the court may result in dismissal of the petition for a writ of habeas corpus without prejudice.

4. Petitioner's request for appointment of counsel is **DENIED** without prejudice.

5. A certificate of appealability shall not be issued.

BY THE COURT:

_____
JAMES KNOLL GARDNER,     J.