```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FRED PORTER,                      )    Civil Action
                                  )    No.  13-cv-03420
          Petitioner,             )
                                  )
     v.                           )
                                  )
                                  )
JOHN E. WETZEL,                   )
Secretary Pennsylvania            )
Department of Corrections and     )
THE ATTORNEY GENERAL OF THE       )
STATE[1] OF PENNSYLVANIA,         )
                                  )
          Respondents             )
```

O R D E R

NOW, this 20th day of May, 2014, upon consideration of the following documents:

> (1)  Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, which petition is dated June 10, 2013 and was filed on June 17, 2013;[2]
>
> (2)  Petition for Leave of the Court to Hold AEDPA Habeas Corpus Petition in Abeyance Until Exhaustion Issue is Fully Litigated in State Court, which petition was filed by petitioner June 17, 2013;

---

[1]    Although Pennsylvania is a Commonwealth, the preprinted form for the Eastern District of Pennsylvania habeas corpus petition provided to, and completed by, petitioner (Form PAE AO 241) states that one of the respondents is "The Attorney General of the State of _____" followed by a blank in which petitioner typed "Pennsylvania".

[2]    Mr. Porter's original petition for writ of habeas corpus was filed on June 17, 2013.  However, the petition itself indicates that it was signed by petitioner on June 10, 2013.  Thus, giving petitioner the benefit of the prison mailbox rule, (See Burns v. Morton, 134 F.3d 109 (3d Cir. 1998) and Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts), I consider June 10, 2013 the filing date of Mr. Porter's original petition.

>     (3)   Response to Petition for Writ of Habeas Corpus, which response was filed September 5, 2013;
>
>     (4)   Report and Recommendation of United States Magistrate Judge Thomas J. Rueter dated and filed September 17, 2013;

it appearing that as of the date of this Order no objections have been filed to the Report and Recommendation of Magistrate Judge Rueter; it further appearing after review of this matter that Magistrate Judge Rueter's Report and Recommendation correctly determined the legal and factual issues presented in the petition for habeas corpus relief,

    IT IS ORDERED that Magistrate Judge Rueter's Report and Recommendation is approved and adopted.

    IT IS FURTHER ORDERED that the Petition for Leave of the Court to Hold AEDPA Habeas Corpus Petition in Abeyance Until Exhaustion Issue is Fully Litigated in State Court is granted.

    IT IS FURTHER ORDERED that the petition for habeas corpus relief is stayed and all proceedings are held in abeyance until conclusion of petitioner's state court proceedings and the final decision of the United States Supreme Court whether to grant the petition for certiorari filed February 24, 2014 in Commonmwealth v. Cunningham, ___ Pa. ___, 81 A.3d 1 (2013) or otherwise to resolve the question of the retroactive application of the holding in Miller v. Alabama, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012) that the sentence of a

juvenile to life without parole violates Amendment VIII to the United States Constitution.[3]

IT IS FURTHER ORDERED that petitioner's request for appointment of counsel is denied without prejudice to renew his request after this matter is removed from civil suspense and returned to active status.[4]

IT IS FURTHER ORDERED that the Clerk of Court shall place this matter in civil suspense until further Order of court.

IT IS FURTHER ORDERED that petitioner shall notify the court within 45 days following the conclusion of his state court

---

[3] By Order dated January 28, 2013 and subsequent to the issuance of Magistrate Judge Rueter's Report and Recommendation in this case, Chief Judge Petrese B. Tucker of the United States District Court for the Eastern District of Pennsylvania placed all habeas petitions in civil suspense raising the issue of a petitioner's right to retroactive application of the holding in Miller, supra.

[4] On page 26 of his within petition for habeas corpus relief, petitioner seeks appointment of counsel. Rule 8 of the Rules Governing [28 U.S.C.] Section 2254 Cases in the United States District Courts provides that counsel should be appointed in habeas corpus cases only when an evidentiary hearing has been ordered or where the interests of justice so require. I do not intend to Order a hearing in this matter at this time. Moreover, after review of petitioner's underlying habeas corpus petition, I conclude that the interests of justice do not require appointment of counsel in this case at this time because petitioner has more than adequately set forth his claims in his petition filed June 17, 2013.

However, petitioner's request for appointment of counsel is denied without prejudice to renew his request after this matter is removed from civil suspense and returned to active status.

proceedings.  Failure to do so may result in dismissal of the within petition.

                              BY THE COURT:

                              <u>/s/ JAMES KNOLL GARDNER</u>
                              James Knoll Gardner
                              United States District Judge